**Rosaura Marciana DIAZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72821.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 22, 2007.

Nathan M. Zaslow, Esq., Law Office of Walter R. Pineda, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Michele Y.F. Sarko, Esq., M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Rosaura Marciana Diaz and her daughter, Mariana Romero Diaz, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") decision denying

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

their application for asylum and withholding of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we dismiss in part, deny in part, and grant in part the petition for review.

We lack jurisdiction to review Rosaura Diaz's contention that she is eligible for asylum and withholding of removal based on membership in a particular social group because she failed to raise that argument before the BIA and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Substantial evidence supports the IJ's conclusion that Rosaura Diaz failed to establish both past persecution and a wellfounded fear of future persecution on account of her neutral political opinion. The record contains no evidence that Rosaura Diaz made any pronouncements of political neutrality, or took any actions suggesting neutrality, that would put her at risk of persecution from either the government or Zapatista guerillas in Chiapas. *See Sangha v. INS*, 103 F.3d 1482, 1488 (9th Cir. 1997).

Because petitioners failed to demonstrate that they were eligible for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.